UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO. 4:19-cv-45-BO

FILED
APR 0 3 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ EKC _____ DEP CLK

| | |
|---|---|
| MICHELLE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND** |
| BRYAN GOODWIN and JAN DOE 1, ) | **DEMAND FOR TRIAL BY** |
| JAN DOE 2, JAN DOE 3, JAN DOE 4, ) | **JURY** |
| and JAN DOE 5, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Michelle Wright (hereafter, "Plaintiff Wright"), who has filed this lawsuit by her attorneys, The Carolina Law Group against Defendants Bryan Goodwin, Jan Doe 1, Jan Doe 2, Jan Doe 3, Jan Doe 4, and Jan Doe 5 (hereafter "Defendants") will show this Court that:

## PARTIES

1. Plaintiff Wright is a citizen and resident of Grundy County, Tennessee.

2. Upon information and belief, Defendant Bryan Goodwin (hereinafter "Defendant Goodwin") is a citizen of Carteret County, North Carolina, and at all times material hereto was, upon information and belief, the owner, master, and operator-in-charge of a certain vessel (hereinafter "Vessel"), configured as a houseboat, operated on the waters of North Carolina, and which is the subject of this action.

3. Upon information and belief, the Defendants Jan Doe 1, Jan Doe 2, Jan Doe 3, Jan Doe 4, and Jan Doe 5, whose identities are not yet known, are citizens of the State of North Carolina and are sole or co-owners, sole or co-masters, and/or sole or co-operators-in-charge of

1

the Vessel, configured as a houseboat, operated on the waters of North Carolina, and which is the subject of this action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1333, the within action arising within the admiralty and/or maritime jurisdiction of this Honorable Court, subject to to 28 U.S.C. §1333(1) saving to Plaintiff as a suitor all other remedies to which she is otherwise entitled, including (but not limited to) trial by jury of all issues in this matter, as subsequently demanded.

5. This Court also has jurisdiction in this action pursuant to 28 U.S.C. §1332(a), since the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different States, subject to to 28 U.S.C. §1333(1) saving to Plaintiff as a suitor all other remedies to which she is otherwise entitled, including (but not limited to) trial by jury of all issues in this matter, as subsequently demanded.

6. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b)(1) and (2), since at least one defendant resides within the Eastern District of North Carolina and all defendants are, on information and belief, residents of the State of North Carolina, and the Eastern District of North Carolina is a judicial district in which a substantial part of the events or omissions giving rise to the claims in this Complaint occurred.

## FACTS COMMON TO ALL CLAIMS

7. On or about May 14, 2016, Plaintiff Wright was a guest at the home of Defendant Goodwin at a social event after the wedding of Defendant Goodwin's daughter.

8. After sunset and at a time of darkness, Defendant Goodwin invited Plaintiff

Wright and others in attendance at his home to go aboard the Vessel, then moored in a dock located at the property adjacent to waters of the United States and which was, upon information and belief, owned by Defendant Goodwin, for a water journey.

9. At that time, Defendant Goodwin and/or one or more of the Jan Doe Defendants had custody and control over the Vessel.

10. At that time, Plaintiff Wright was not experienced in the operations of vessels on the waterways of the United States, having no experience or instruction in doing so, and was simply an invited passenger.

11. Upon information and belief, Defendant Goodwin had consumed alcoholic beverages immediately prior to, concurrently with, and following his invitation to Plaintiff Wright and the other guests to board the Vessel.

12. At the time that Plaintiff Wright was on board the Vessel and it was under way, Defendant Goodwin was not competent to operate the Vessel on the waterways of the United States.

13. Defendant Goodwin knew, or should have known in the exercise of reasonable judgment imputable to the owner, operator and/or master of a vessel, that engaging in the consumption of alcohol prior to operating any vessel, much less in the open waters of the various sounds and creeks of the area, was dangerous to the Vessel, the crew, and most importantly, the passengers aboard the Vessel such as Plaintiff Wright.

14. Defendant Goodwin nevertheless consumed such alcoholic beverages prior to and, upon information and belief, during the operation of the Vessel.

15. Plaintiff Wright boarded the Vessel as Defendant Goodwin and/or Jan Doe 1 began to take command of the Vessel and operate it into waters known to the Defendants to be

3

deep and dangerous.

16. Upon information and belief, Defendant Goodwin did not explain to Plaintiff Wright the layout of the Vessel, its safety procedures, how to behave or react to movement of the Vessel white it was leaving its moorings or on the water, the locations to stand or walk on the Vessel, how to ascend or descend ladders or stairways, what areas of the Vessel were lit and unlit in the dark, or any other safety procedures while upon the Vessel.

17. Upon commencing operation of the Vessel and after releasing its lines from the pier it was moored to, Defendant Goodwin and/or one or more of the Jan Doe Defendants operated the Vessel in an openly dangerous and terrifying manner.

18. The Defendants were unable to effectively maneuver the Vessel in a safe manner, including crashing with great force into piers and/or pilings on the dock, and were operating the Vessel in an erratic manner in the dark, endangering the passengers, including Plaintiff Wright, the crew, and the Vessel itself.

19. Upon information and belief, the Vessel was unsafe and/or was not seaworthy, and lacked safety equipment required by the State of North Carolina to be operated upon its waterways, including lacking personal flotation devices, navigational lighting, sound signals, fire extinguishers, distress signals, and the Defendants were not adequately trained or experienced in the operation of the Vessel under the circumstances present at the time.

20. The Vessel contained more than one deck or platform and communication between the decks and/or platforms was by way of an open stairway or ladder.

21. The open stairway or ladder of the Vessel was not lighted or clearly visible for use after sunset and did not have any protective railings or handles, making it unsafe for use while the Vessel was in motion or under way.

4

22. Plaintiff Wright was not given any instruction on how to proceed to walk or move on or near the stairway or ladder, which was, by its very nature, a dangerous location upon the Vessel while under way.

23. While the Vessel was under way, Plaintiff Wright attempted to use the unlit and unmarked stairway or ladder, slipping and falling as a direct and proximate result of being unable to ascertain how to safely walk and move near the stairs or otherwise utilize them in going between levels in the dark.

24. As a direct and proximate result of her fall, Plaintiff Wright was injured, including, but not limited to, severe and deep bruising and wounding to her right leg requiring surgical intervention, as well as other pain to her entire body, and her injury was obvious to all who were aboard, including Defendant Goodwin and/or the Jan Doe Defendants, and, as such, constituted a serious marine incident since her injuries required medical treatment beyond simple first aid.

25. Despite Plaintiff Wright's injuries being obvious and known to all Defendants, and constituting a serious marine incident, neither Defendant Goodwin nor the Jan Doe Defendants ever notified the United States Coast Guard or any state or local law enforcement authority of the Plaintiff Wright's injuries which occurred on board the Vessel.

26. After the injury, Defendant Goodwin and/or one or more of the Jan Doe Defendants discouraged Plaintiff Wright from obtaining prompt and effective medical treatment and/or reporting her injuries to the United States Coast Guard and/or other law enforcement authorities.

27. Plaintiff Wright has since sought and obtained medical care for her injuries and continues to receive medical care for her injuries and its aftermath.

28. Plaintiff Wright sustained and continues to sustain severe pain, suffering, distress, and emotional anguish as a result of these entirely avoidable injuries, together with scarring, diminished use of her leg, and inability to engage in the normal activities of life which she had engaged in prior to the wrongful actions of the Defendants.

29. As a direct and proximate result of these serious and emotionally devastating injuries, Plaintiff Wright has sustained a loss of earnings and earning capacity.

30. As a direct and proximate result of this injury, Plaintiff Wright has incurred other out-of-pocket expenses related to her medical treatment and accommodations necessitated by the injuries.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE UNDER UNITED STATES MARITIME LAWS**

31. Plaintiff Wright incorporates all previous allegations as if set forth fully herein.

32. At the time Defendant Goodwin and/or any of the Jan Doe Defendants invited Plaintiff Wright on board the Vessel, each owed Plaintiff Wright duties under the maritime laws of the United States as an owner, master, or operator-in-charge to maintain and operate the Vessel in a safe and prudent manner, including, but not limited to, the following specific duties:

(a) To have the proper skill and training to operate a properly equipped vessel on the waters of the United States;

(b) To ensure that guests aboard the Vessel were properly informed as to all necessary safety procedures and to the layout of and means of using the Vessel;

(c) To refrain from the use of alcoholic beverages or other substances which impaired their ability to safely and operate the Vessel on the waters of the United States;

(d) To operate the Vessel in a safe and prudent manner; and

(e) To respond to injuries aboard the Vessel in a lawful manner and not conceal them, including reporting them to the United States Coast Guard and/or the

law enforcement authorities of North Carolina.

33. Defendant Goodwin and the Jan Doe Defendants did not comply with his and/or their duties as listed above.

34. In fact, the Defendants grossly disregarded those duties, engaging in inherently dangerous activity of operation of a small vessel without using adequate safety procedures, in the nighttime, in open waters, while under the influence of intoxicants, crashing into immovable objects and not ceasing their ill-prepared voyage, and thereafter, having done so to the great injury of Plaintiff Wright, a stranger to the Eastern North Carolina region and unfamiliar with sources of medical treatment in the nighttime, dissuaded her from seeking and obtaining medical treatment.

35. The Defendants' actions were so inherently wrongful as to shock the conscience of any reasonable person and should not be permitted to occur.

36. As a direct and proximate result of the breach by Defendant Goodwin and one or more of the Jan Doe Defendants, Plaintiff Wright was injured as described above and has sustained damages and is entitled to recover compensatory and special damages which are estimated at this time to be in the amount of $500,000.00.

37. As a direct and proximate result of the nature of breaches by one or more of the Defendants, Plaintiff Wright is entitled to punitive damages in that the actions of said Defendants were outrageous, reprehensible, likely to cause serious injury, sought to be concealed by them, and deserving of punishment, by operating a vessel upon the waters of the United States that was unsafe and unseaworthy and/or operating a vessel in an unsafe manner contrary to prudent principles of seamanship, in the nighttime, without necessary equipment, and without adequately informing passengers, such as Plaintiff Wright, of how to safely be present on board and move

throughout the Vessel.

## SECOND CAUSE OF ACTION:
## NORTH CAROLINA NEGLIGENCE

38. Plaintiff Wright incorporates all previous allegations as if set forth fully herein.

39. At the time Defendant Goodwin and/or any of the Jan Doe Defendants invited Plaintiff Wright on board the Vessel, each owed Plaintiff Wright duties under the laws of the State of North Carolina as an owner, master, or operator-in-charge to maintain and operate the Vessel in a safe and prudent manner, including, but not limited to, the following specific duties:

   (a) To have the proper skill and training to operate a properly equipped vessel on the waters of the State of North Carolina;

   (b) To ensure that guests aboard the Vessel were properly informed as to all necessary safety procedures and to the layout of and means of using the Vessel;

   (c) To refrain from the use of alcoholic beverages or other substances which impaired their ability to safely and operate the Vessel on the waters of the State of North Carolina;

   (d) To operate the Vessel in a safe and prudent manner; and

   (e) To respond to injuries aboard the Vessel in a lawful manner and not conceal them, including reporting them to the United States Coast Guard and/or the law enforcement authorities of North Carolina.

40. Defendant Goodwin and the Jan Doe Defendants did not comply with his and/or their duties as listed above.

41. In fact, the Defendants grossly disregarded those duties, engaging in inherently dangerous activity of operation of a small vessel without using adequate safety procedures, in the nighttime, in open waters, while under the influence of intoxicants, crashing into immovable objects and not ceasing their ill-prepared voyage, and thereafter, having done so to the great injury of Plaintiff Wright, a stranger to the Eastern North Carolina region and unfamiliar with

sources of medical treatment in the nighttime, dissuaded her from seeking and obtaining medical treatment.

42. The Defendants' actions were so inherently wrongful as to shock the conscience of any reasonable person and should not be permitted to occur.

43. As a direct and proximate result of the breach by Defendant Goodwin and one of more of the Jan Doe Defendants, Plaintiff Wright was injured as described above and has sustained damages and is entitled to recover compensatory and special damages, which are estimated at this time to be in the amount of $500,000.00.

44. As a direct and proximate result of the nature of breaches by one or more of the Defendants, Plaintiff is entitled to punitive damages pursuant to N.C.G.S. § 1D-1 in that in that the actions of said Defendants were outrageous, reprehensible, likely to cause serious injury, sought to be concealed by them, and deserving of punishment, by operating a vessel upon the waters of the United States that was unsafe and unseaworthy and/or operating a vessel in an unsafe manner contrary to prudent principles of seamanship, in the nighttime, without necessary equipment, and without adequately informing passengers, such as Plaintiff Wright, of how to safely be present on board and move throughout the Vessel.

**WHEREFORE,** Plaintiff Michelle Wright asks this Honorable Court to issue an order:

A. Awarding the Plaintiff Wright her damages incurred in the amount of $500,000.00 or such other amount in excess of such sum or value of seventy-five thousand dollars ($75,000.00) as shall be proper upon proof, including interest;

B. Awarding the Plaintiff Wright punitive damages equal to three times Plaintiff Wright's compensatory and special damages;

C.   Awarding the Plaintiff Wright the costs incurred in bringing this action including, to the greatest extent permitted by law, her attorneys fees and expenses of suit; and

D.   Awarding the Plaintiff Wright such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Wright demands a jury trial for all so triable issues.

**THE CAROLINA LAW GROUP**

By: _____
Thomas A. Kellis II

By: _____
Russ E. Boltz
**Attorneys for Plaintiff**
**1723 South Glenburnie Rd.**
**New Bern, NC 28562**
**Telephone: (252)-636-3737**
**Facsimile: (252)-637-9597**
**Email: tommy@carolinalawgrp.com**
**Email: russ@carolinalawgrp.com**

Dated: April 1, 2019