IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:19-CV-45-BO

MICHELLE WRIGHT, )
)
    Plaintiff, )
)
v. )     O R D E R
)
BRYAN GOODWIN, JAN DOE 1, JAN DOE 2, )
JAN DOE 3, JAN DOE 4, and JAN DOE 5, )
)
    Defendants. )

This cause comes before the Court on plaintiff's motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. [DE 15]. The motion is ripe for disposition. For the reasons that follow, plaintiff's motion to strike [DE 15] is DENIED.

## BACKGROUND

Plaintiff initiated this action in April 2019, asserting negligence claims over defendant Bryan Goodwin and Jan Does 1–5 stemming from an incident on Goodwin's houseboat that occurred in May 2016. [DE 1]. In particular, plaintiff alleges that Goodwin, who she claims had been drinking before and during operation of the boat, negligently caused injuries to plaintiff's leg that required "surgical intervention." *Id.* at ¶¶ 7–24.

Defendant Goodwin, proceeding *pro se*, filed an answer to plaintiff's complaint. [DE 11]. In his answer, Goodwin generally denied plaintiff's allegations, but also asserted that he is "not a wealthy person" and that he "believe[s] this complaint to be nothing more than an attempt to extort money from [him]." *Id.* at ¶ 44.

Plaintiff now moves under Rule 12(f) to strike defendant's *pro se* references to his lack of wealth and to extortion in his answer, requesting that the Court order defendant to file an amended

answer that makes no reference to his wealth or to extortion. [DE 15]. Defendant has not responded.

## DISCUSSION

Plaintiff has moved to strike, under Rule 12(f), defendant Goodwin's *pro se* reference to his lack of wealth and his allegation that plaintiff is attempting to extort him. Rule 12(f) permits a district court, upon a party's motion, to "order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Such motions are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990)). Although defendant's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure, *see McNeil v. United States*, 580 U.S. 106, 113 (1993), *pro se* litigants are not held to the same strict pleading requirements as attorneys. *Estelle v. Gamble*, 494 U.S. 97, 106–07 (1976).

Here, plaintiff has not demonstrated that she is entitled to the drastic remedy of striking portions of defendant's *pro se* answer and requiring him to file an amended answer. While defendant's passing references to his financial status and to plaintiff's supposed extortion are certainly not taken as valid affirmative defenses or counterclaims, plaintiff has not established that the challenged references would "confuse the issues in the case" to such a degree that deletion is required. *See Waste Mgmt. Holdings*, 252 F.3d at 347. The Court therefore finds that striking defendant's *pro se* answer would not be appropriate in these circumstances. Plaintiff's motion to strike under Rule 12(f) is, accordingly, denied.

## CONCLUSION

For the above reasons, plaintiff's motion to strike [DE 15] is DENIED.

SO ORDERED, this _14_ day of July, 2019.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE